MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ROSS REINHARDT, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

CORPORATE EXPRESS, INC. (D/B/A CORPORATE EXPRESS), DANIEL CONTE, ANGEL ORTIZ, and ONISS DOE,

                *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Ross Reinhardt ("Plaintiff Reinhardt" or "Mr. Reinhardt"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Corporate Express, Inc. (d/b/a Corporate Express), ("Defendant Corporation"), Daniel Conte, Angel Ortiz, and Oniss Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Reinhardt is a former employee of Defendants Corporate Express, Inc. (d/b/a Corporate Express), Daniel Conte, Angel Ortiz, and Oniss Doe.

2. Defendants own, operate, or control a bus rental service, which operates in Manhattan and whose main office is located at 500 Supor Boulevard, 1st floor, Harrison, New Jersey 07029 under the name "Corporate Express".

- 2 -

3. Upon information and belief, individual Defendants Daniel Conte, Angel Ortiz, and Oniss Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the bus rental service as a joint or unified enterprise.

4. Plaintiff Reinhardt was employed as a driver in Manhattan for the bus rental service located at 500 Supor Boulevard, 1st floor, Harrison, New Jersey 07029.

5. At all times relevant to this Complaint, Plaintiff Reinhardt worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Reinhardt appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants repeatedly failed to pay Plaintiff Reinhardt wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiff Reinhardt to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Reinhardt and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Reinhardt now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Reinhardt seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Reinhardt's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bus rental service located in this district. Further, Plaintiff Reinhardt was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Ross Reinhardt ("Plaintiff Reinhardt" or "Mr. Reinhardt") is an adult individual residing in Queens County, New York.

15.     Plaintiff Reinhardt was employed by Defendants at Corporate Express from approximately January 2015 until on or about March 2020.

16.     Plaintiff Reinhardt consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a Manhattan bus rental service whose main office is located at 500 Supor Boulevard, 1st floor, Harrison, New Jersey 07029 under the name "Corporate Express".

18. Upon information and belief, Corporate Express, Inc. (d/b/a Corporate Express) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 500 Supor Boulevard, 1st floor, Harrison, New Jersey 07029.

19. Defendant Daniel Conte is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Daniel Conte is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Daniel Conte possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Reinhardt, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Angel Ortiz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Angel Ortiz is sued individually in his capacity as a manager of Defendant Corporation. Defendant Angel Ortiz possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Reinhardt, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Oniss Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Oniss Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Oniss Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Reinhardt, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a bus rental service which operates in Manhattan and whose principle office is located in the Harrison section of Hudson County in New Jersey.

23. Individual Defendants, Daniel Conte, Angel Ortiz, and Oniss Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Reinhardt's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Reinhardt, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Reinhardt (and all similarly situated employees) and are Plaintiff Reinhardt's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Reinhardt and/or similarly situated individuals.

28. Upon information and belief, Individual Defendant Daniel Conte operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of his own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Reinhardt's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Reinhardt, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Reinhardt's services.

30. In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bus rental service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Reinhardt is a former employee of Defendants who was employed as a driver in Manhattan.

33. Plaintiff Reinhardt seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ross Reinhardt*

34. Plaintiff Reinhardt was employed by Defendants from approximately January 2015 until on or about March 2020.

35. Defendants employed Plaintiff Reinhardt as a driver.

36. Plaintiff Reinhardt regularly handled goods in interstate commerce, such as bus rental service and other supplies produced outside the State of New York.

37. Plaintiff Reinhardt's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Reinhardt regularly worked in excess of 40 hours per week.

39. From approximately January 2015 until on or about May 2017, Plaintiff Reinhardt worked from approximately 6:00 a.m. until on or about 11:00 a.m. and from approximately 3:00

p.m. until on or about 8:00 p.m., Mondays through Fridays, and from approximately 8:00 a.m. until on or about 5:00 p.m., once a month on either Saturday or Sunday (typically 50 to 59 hours per week).

40. From approximately January 2015 until on or about May 2017, Plaintiff Reinhardt worked two times per year from approximately 6:00 a.m. until on or about 11:00 a.m. and from approximately 3:00 p.m. until on or about 8:00 p.m., Mondays through Fridays, and from approximately 8:00 a.m. until on or about 6:00 p.m., Saturdays and Sundays (typically 69 hours per week).

41. From approximately June 2017 until on or about December 2018, Plaintiff Reinhardt worked from approximately 6:00 a.m. until on or about 11:00 a.m. and from approximately 3:00 p.m. until on or about 8:00 p.m., Mondays through Fridays, and from approximately 8:00 a.m. until on or about 5:00 p.m., once a month on Saturdays (typically 50 to 59 hours per week).

42. From approximately January 2019 until on or about March 2020, Plaintiff Reinhardt worked from approximately 6:00 a.m. until on or about 11:00 a.m. and from approximately 3:00 p.m. until on or about 8:00 p.m., Mondays through Fridays (typically 50 hours per week).

43. Throughout his employment, Defendants paid Plaintiff Reinhardt his wages by check.

44. From approximately January 2015 until on or about December 2017, Defendants paid Plaintiff Reinhardt a salary of $500 plus $10.00 per hour on the weekend days.

45. From approximately January 2018 until on or about March 2020, Defendants paid Plaintiff Reinhardt a salary of $600 plus $10.00 per hour on the weekend days.

46. Plaintiff Reinhardt's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47. For example, Defendants required Plaintiff Reinhardt to work 3 hours past his scheduled departure time on notable events, and did not pay him for the additional time he worked.

48. Plaintiff Reinhardt was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Reinhardt regarding overtime and wages under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Reinhardt an accurate statement of wages, as required by NYLL 195(3).

51. In fact, Defendants adjusted Plaintiff Reinhardt's paystubs so that they reflected inaccurate wages and hours worked.

52. Defendants did not give any notice to Plaintiff Reinhardt of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

53. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Reinhardt (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

54. Plaintiff Reinhardt was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55. Defendants' pay practices resulted in Plaintiff Reinhardt not receiving payment for all his hours worked, and resulted in Plaintiff Reinhardt's effective rate of pay falling below the required minimum wage rate.

56. Defendants habitually required Plaintiff Reinhardt to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Reinhardt (and similarly situated individuals) worked, and to avoid paying Plaintiff Reinhardt properly for his full hours worked.

60. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Reinhardt and other similarly situated former workers.

62. Defendants failed to provide Plaintiff Reinhardt and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63. Defendants failed to provide Plaintiff Reinhardt and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64. Plaintiff Reinhardt brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65. At all relevant times, Plaintiff Reinhardt and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

66. The claims of Plaintiff Reinhardt stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

67. Plaintiff Reinhardt repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Reinhardt's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Reinhardt (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71. Defendants failed to pay Plaintiff Reinhardt (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiff Reinhardt (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Reinhardt (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74. Plaintiff Reinhardt repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Reinhardt (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76. Defendants' failure to pay Plaintiff Reinhardt (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Reinhardt (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

78. Plaintiff Reinhardt repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiff Reinhardt's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Reinhardt, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

80. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Reinhardt less than the minimum wage.

81. Defendants' failure to pay Plaintiff Reinhardt the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

82. Plaintiff Reinhardt was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

83. Plaintiff Reinhardt repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Reinhardt overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85. Defendants' failure to pay Plaintiff Reinhardt overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86. Plaintiff Reinhardt was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

87. Plaintiff Reinhardt repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants failed to provide Plaintiff Reinhardt with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

89. Defendants are liable to Plaintiff Reinhardt in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

90. Plaintiff Reinhardt repeats and realleges all paragraphs above as though fully set forth herein.

91. With each payment of wages, Defendants failed to provide Plaintiff Reinhardt with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92. Defendants are liable to Plaintiff Reinhardt in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

93. Plaintiff Reinhardt repeats and realleges all paragraphs above as though set forth fully herein.

94. Defendants did not pay Plaintiff Reinhardt on a regular weekly basis, in violation of NYLL §191.

95. Defendants are liable to Plaintiff Reinhardt in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Reinhardt respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Reinhardt and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Reinhardt and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Reinhardt's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Reinhardt and the FLSA Class members;

(f)     Awarding Plaintiff Reinhardt and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Reinhardt and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Reinhardt;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Reinhardt;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Reinhardt;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Reinhardt's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Reinhardt;

(m)     Awarding Plaintiff Reinhardt damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Reinhardt damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Reinhardt liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Reinhardt and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Reinhardt and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Reinhardt demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 6, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:       /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165  
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

August 12, 2020

BY ELECTRONIC SIGNATURE

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name:                       Ross Reinhardt

Legal Representative:       Michael Faillace & Associates, P.C.

Signature:                  _[signature]_

Date:                       August 12, 2020